[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action, the plaintiffs, prospective buyers, claim damages from the defendant, prospective seller, for the alleged breach of a real estate sales contract.
The contract of sale concerned a house under construction in Bethany, Connecticut. It was executed on February 12, 1986, detailed work yet to be done by the seller, and set a closing date of April 30, 1986. It contained a mortgage contingency clause and the plaintiffs complied with it and as of April 30 they had funds available to finance the purchase. Although the evidence is in conflict, I find as a fact that as of April 30 the defendant had substantially performed all of the work stipulated in the contract to be completed by her, the only exception being that one light fixture, although physically present at the structure, had not been connected. Nevertheless, the plaintiffs demanded that the defendant repaint the interior of the house, stain the exterior and reduce the price by $3,000. There was no provision in the contract as to any of these items. The defendant did, however, repaint the interior but refused to stain the exterior and to reduce the price. It was not until July 7, better than two months after the stipulated closing date, that the plaintiffs retracted from their demands, and agreed to accept the house "as is". The defendant took the position that because of the substantial period of time that had elapsed between the stipulated closing date and the indication by the buyers that they were willing to close, that CT Page 2158 there had been a breach by the buyers releasing the seller from her obligation to sell, and she refused to close.
I cannot say that, as a matter of law, a delay in excess of two months does not constitute a substantial breach. I am aware of the line of cases having to do with whether the statement of a date in a contract does or does not make that date essential to performance, but to rule that an hiatus of more than two months is inconsequential, is too much for my imagination.
In any event, even if such a substantial delay is to be ignored, the most that the evidence indicates that the plaintiffs would be entitled to would be nominal damages. There was no testimony whatsoever as to the value of the premises as of July 7 when they recanted on their demands. Instead they alleged, and proved, that they then went out and bought another house, at a higher price, requiring a larger mortgage and higher amortization. Even in the unlikely assumption that such action on their part would furnish a basis for determining damages, there was no evidence whatsoever to demonstrate that what they ultimately got was not of greater value than the house involved in this litigation. It would require pure speculation to come to any figure. Also, in the second count, the plaintiffs allege a violation of the Unfair Trade Practices Act, Connecticut General Statutes Section 42-110 et seq., but there was absolutely no evidence of a practice by the defendant that was unfair to anyone. True, a month later the defendant sold the premises to third parties at a substantially higher price, but again there was no evidence as to whether or not there had been improvements made in the property that would increase its value, so I would have to rely on pure speculation to determine damages.
Judgment may enter for the defendant.
J. HEALEY, STATE TRIAL REFEREE